08 CV 2229

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---x

ROSIE, INC., ROSEMARY SILBERSTEIN and JEFFREY SILBERSTEIN,
Plaintiffs,

-against-

FRENCH SOLE STORES INTERNATIONAL, LTD., DRY INK, INC., FS / NY SHOES, LTD. and RANDY OCHART,

Defendants,

---x

08 CV

COMPLAINT




Plaintiffs, ROSIE, INC., ROSEMARY SILBERSTEIN and JEFFREY SILBERSTEIN, by their undersigned attorneys, complaining of the Defendants, alleges as follows:

PARTIES

1. At all times herein relevant, ROSIE, INC. ("Rosie") was and still is a Florida Corporation maintaining its principle place of business at 5250 Town Center Circle, Suite 127, Boca Raton, Florida 33486.

2. At all relevant times, ROSEMARY SILBERSTEIN and JEFFREY SILBERSTEIN (the "Silbersteins") were and still are natural persons residing at 801 Elderberry Way, Boca Raton, Florida, 33486. Jeffrey Silberstein is a licensed architect, maintaining a place of business for the practice of his profession at 524 NE 2nd Street, Delray Beach, Florida 33483. The Silbersteins are principle officers and shareholders of Rosie.

3. Upon information and belief, at all times herein relevant, Defendant RANDY OCHART ("Ochart") was and still is a natural person residing within the State

of New York who, through his interest in one or more closely held corporations, engages in the business of manufacturing, designing, owning, licensing, marketing and distributing goods and services identified by the valuable trademarks, French Sole ® and fs/ny® (the "Marks"). The Marks are wholly owned by defendant FS / NY SHOES, LTD ("FSNY").

4. Upon information and belief, at all times herein relevant, Defendants FRENCH SOLE STORES INTERNATIONAL, LTD. ("FS Stores"), FSNY and DRY INK, INC ("Dry Ink") (collectively, the "French Sole Entities") are each New York corporations with their principle place of business located at 985 Lexington Avenue, New York New York 10021. Upon information and belief, each of the French Sole Entities was formed by or on behalf of Ochart for the purpose of engaging in one or more aspects of the business of manufacturing, designing, owning, licensing, marketing and distributing goods and services identified with the Marks.

5. Upon information and belief, Ochart is a principle officer and/or shareholder of each of the French Sole Entities and manages or controls the operations of each of the French Sole Entities.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this Action pursuant to **28 USC §§1332**, since the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and since the citizenship of the parties is diverse, to wit, Plaintiffs are citizen of the State of Florida and the Defendants are citizens of the State of

New York.

7. This Court also has jurisdiction over the subject matter of the Complaint pursuant to **28 USC §1331**, since the action arises under the Laws of the United States, to wit, the Federal Trade Commission Act and the Trade Regulation Rules promulgated thereunder, **15 USC §§ 41-58** and **16 CFR §§ 436.1** ***et seq***.

8. This Court has supplemental jurisdiction herein with respect to any pendant State claims pursuant to **28 USC § 1367**.

9. Venue is proper in this district pursuant to **28 U.S.C. § 1391**, because a substantial portion of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

GENERALLY AS TO ALL COUNTS

**Ochart's Introduction and Initial Representation**

10. The Silbersteins were introduced to Ochart in or around November or December of 2006 after learning that Ochart and or the French Sole Entities were selling franchises to be operated as French Sole ® stores.

11. Between December 2006 and April 2007, the Silbersteins met with Ochart on several occasions, both in New York and in Florida. During those meetings, Ochart solicited the Silbersteins' participation as French Sole ® franchisees. Among other things, Ochart made the following verbal representations to the Silberstein's:

a. that he (Ochart) was "French Sole."

b. that Ochart opened a "franchise" in Palm Beach.

c. that Ochart planned to "franchise" eleven (11) additional stores during

calendar year 2007.

d. that the next "franchise," slated for Boca Raton Florida, would be granted to the Silberstein's if they were interested.

12. The foregoing oral representations were augmented by written representations contained in a "Retail Shop Prospectus" (the "French Sole Prospectus") distributed by Ochart to the Silbersteins and others as part of his solicitation of franchisees. A copy of the French Sole Prospectus is annexed hereto and made a part of this Complaint as Exhibit 1.

**Ochart's Continued Encouragement and Participation**

13. In anticipation of proceeding with the purchase of a French Sole® franchise, the Silbersteins, accompanied by Ochart, sought out retail space in upscale locations throughout Boca Raton, Florida for their French Sole ® retail store. Ochart accompanied the Silbersteins to meetings with leasing agents, providing them with advice and guidance with respect to location, layout, rent and lease terms and providing financial projections to the prospective landlords.

14. In May 2007, the Silbersteins also caused a corporation, Rosie, Inc. d/b/a French Sole, to be formed in the State of Florida.

15. With the support, encouragement and assistance of Ochart, Rosie, Inc. leased retail space at 5250 Town Center Circle, Suite 127 Boca Raton, Florida with the expectation and intent of opening its French Sole ® franchise at that location.

16. Finally, Ochart and the French Sole Entities solicited and received from Rosie, Inc. the sum of $84,222.00, representing start-up costs for their French Sole® franchise ($40,000.00) and $44,222.00 as the purchase price of their initial inventory.

**Ochart's Deceit Uncovered**

17. By mid-2007, Ochart had not presented Rosie, Inc. with the promised Franchise Agreement. In addition, the Silbersteins discovered that Ochart and the French Sole Entities had not developed any marketing or brand recognition plan for French Sole ®. Ochart nevertheless encouraged moving forward with the franchise plan. Among other things, Jeffrey Silberstein, with the approval and encouragement of Ochart, created architectural and design plans for the French Sole ® stores and designed a distinctive logo for brand identification.

18. Shortly thereafter, the Silberstein's discovered the following:

a. that the Ochart and the French Sole Entities were prohibited from importing shoes containing the French Sole ® trademark from their European factories due to possible trademark infringement.

b. that the French Sole ® shoes ordered by Rosie, Inc. would instead be branded as fs/ny®.

c. That the Palm Beach French Sole ® franchise was failing and was about to close.

d. That Ochart and the French Sole Entities intended to liquidate the inventory at the Palm Beach location at below market prices.

e. That Ochart and the French Sole Entities failed to file franchise disclosure documents in accordance with the laws of the State of New York, the State of Florida and/or the United States.

19. Rosie and the Silbersteins demanded reimbursement of fees and purchase prices paid to Ochart and the French Sole Entities together with expenses incurred in connection with the franchise opportunity, including the cost of Jeffrey Silberstein's architectural and design services, but repayment has not been forthcoming.

20. Rosie and the Silbersteins also demanded the return of all materials, plans and drawings created and developed by Jeffrey Silberstein in connection with French Sole ® brand promotion. Ochart and the French Sole Entities have failed to relinquish that property.

**COUNT I**
**(Violation of the Federal Trade Commission Act and Regulations)**

21. Ochart and the French Sole Entities, and each of them, are Franchisors within the meaning of Part 436 of the Trade Regulation Rules, **16 C.F.R. § 436.1** ***et seq***.

22. Ochart and the French Sole Entities, and each of them, are Franchise Sellers within the meaning of Part 436 of the Trade Regulation Rules, 16 C.F.R. § 436.1 *et seq*.

23. Ochart and the French Sole Entities offered franchises for sale within the meaning of Part 436 of the Trade Regulation Rules, **16 C.F.R. § 436.1** ***et seq***.

24. Rosie and the Silbersteins are Franchisees within the meaning of Part 436 of the Trade Regulation Rules, **16 C.F.R. § 436.1** ***et seq***.

25. Ochart and the French Sole Entities engaged in unfair and deceptive acts and practice in the offer and sale of a franchise in violation of Section 5 of the Federal Trade Commission Act and section 436.2 of the Trade Regulation Rules, **16 C.F.R. § 436.2**, in that they, jointly and severally and in concert with one another, failed to furnish to Rosie or the Silbersteins, within fourteen (14) days prior to receipt of payments from

Rosie, any disclosure document as prescribed by the Trade Regulation Rules.

26. Ochart and the French Sole Entities engaged in unfair and deceptive acts and practice in the offer and sale of a franchise in violation of Section 5 of the Federal Trade Commission Act and section 436.9 of the Trade Regulation Rules, 16 **C.F.R. § 436.9**, in that they, jointly and severally and in concert with one another:

(a) Made claims and representations, orally, visually, and in writing, that contradicted the information required to be disclosed under the Trade Regulation Rules;

(b) Misrepresented information concerning the purchase or operation of French Sole® franchises by other franchisees; and

(c) Disseminated financial performance representations to Rosie and the Silbersteins, as prospective franchisees, for which they had no reasonable basis or written substantiation.

27. As a direct consequence of the foregoing acts and practices perpetrated by the defendants, the Plaintiffs have been damaged in the amount of $350,000.00.

**COUNT II**
**(Violation of New York's Franchise Law)**

28. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein at length.

29. Ochart and the French Sole Entities, and each of them, are Franchisors within the meaning of New York's Franchise Law, NYGBL § 680 *et seq.*

30. Ochart and the French Sole Entities, and each of them, are Franchisor Salesmen within the meaning of New York's Franchise Law, NYGBL § 680 *et seq.*

31. Ochart and the French Sole Entities offered franchises for sale in the State of New York within the meaning of New York's Franchise Law, NYGBL § 680 *et seq.*

32. Rosie and the Silbersteins are Franchisees within the meaning of New York's Franchise Law, NYGBL § 680 *et seq.*

33. Ochart and the French Sole Entities failed to register with the New York Department of Law any "offering prospectus" with respect to the offer and sale of French Sole® franchises, in violation of NYGBL § 683.

34. In addition, the acts and practices described herein and engaged in by the Defendants constitute fraudulent and unlawful practices under New York's Franchise Law, NYGBL § 689.

35. The acts, practices and violations engaged in by the defendants, and each of them, were willful and material.

36. In accordance with the provisions of NYGBL § 691, Plaintiffs are entitled to recover their damages, estimated at $350,000.00, to rescission of their transaction with the defendants and to recovery of their reasonable attorneys fees incurred in connection with the franchise and this action.

**COUNT III**
**(Violation of Florida Law)**

37. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein at length.

38. Ochart and the French Sole Entities engaged in the sale of a Business Opportunity within the meaning of Title XXXIII, Chapter 559, of Part VIII of the Florida Statutes, FS § 559.801 *et seq.*

39. In violation of FS§ 559.803, the Defendants failed to furnish to Rosie or the Silbersteins, within three (3) business days prior to receipt of payments from Rosie, any written document entitled "DISCLOSURES REQUIRED BY FLORIDA LAW" or containing the disclosures thereby required.

40. In violation of FS§ 559.805, the Defendants failed to file any written disclosure document with the Florida Department of Agriculture and Consumer Services prior to making any representation to the Plaintiffs designed to offer to, sell to, or solicit an offer to buy a business opportunity.

41. In addition, the acts and practices described herein and engaged in by the Defendants constitute acts prohibited under FS §§ 559.809 and 559.811.

42. In accordance with the provisions of FS §559.813, Plaintiffs are entitled to recover their damages, estimated at $350,000.00, to rescission of their transaction with the defendants and to recovery of their reasonable attorneys fees incurred in connection with the franchise and this action.

**COUNT IV**
**(Common Law Fraud)**

43. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein at length.

44. The acts, practices, representations and omissions on the part of Ochart and the French Sole Entities were engaged in and made knowingly and willfully and with the intent to persuade the Silberstein's and Rosie to invest in and purchase a French Sole® franchise.

45. In truth and in fact, Ochart and the French Sole Entities failed to undertake

any of the legal requirements for the establishment and sale of French Sole ® franchises.

46. Ochart and the French Sole Entities solicited franchisees and accepted monies in connection with the sale of franchises, notwithstanding their knowledge that they had not complied with any of the applicable State or Federal statutory requirements.

47. Had the truth been disclosed, the Plaintiffs would not have purchased or invested in the "franchise" opportunity offered by the Defendants.

48. Ochart and the French Sole Entities acted with malice and with wanton disregard for the Plaintiffs' rights.

49. Ochart and the French Sole Entities perpetrated a fraud upon the Plaintiffs under the common law of the States of New York and Florida.

50. The Plaintiffs have been damaged thereby in the amount of $350,000.00 and are entitled to recover punitive damages and their reasonable attorneys' fees.

**COUNT V**
**(Injunction and Recovery of Property)**

51. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein at length.

52. The Defendants hold no proprietary interest or other rights in or to the materials, plans and drawings created and developed by Jeffrey Silberstein in connection with French Sole ® brand promotion.

53. The Plaintiffs are entitled to an Order requiring the return and delivery to them of all materials, plans and drawings created and developed by Jeffrey Silberstein in connection with French Sole ® brand promotion and permanently enjoining the use

thereof by the Defendants.

54. Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendants, jointly and severally, as follows:

A. On Counts I, II, III and IV, an award of compensatory damages in such amount as is determined at trial, reasonably believed to exceed the sum of $350,000.00.

B. On Counts II, III and IV, an award reimbursing Plaintiffs for their reasonable attorneys' fees expended in connection with the transactions described herein and in connection with this Action.

C. On Counts II, III and IV, an Order rescinding the subject transactions.

D. On Count V, an Order directing the return of all materials, plans and drawings created and developed by Jeffrey Silberstein in connection with French Sole ® brand promotion and restraining, enjoining and prohibiting the use thereof by the Defendants.

E. An award of interest, costs and disbursements and such other and further relief as to the Court may appear just and equitable.

Dated: New York, New York
March 4, 2008

BALLON STOLL BADER & NADLER, PC
Attorneys for Plaintiff

By: ______________________
Susan Schneiderman (SS9840)
1450 Broadway
New York, New York 10018
212-575-7900
Fax: 212-764-5060
sschneiderman@ballonstoll.com

# EXHIBIT 1

# French Sole fs/ny

985 Lexington Avenue

New York, NY 10021

(212) 737-2865

## RETAIL SHOP PROSPECTUS

For twenty years French Sole has specialized in creating unique ballet flat collections as an integral part of any fashionable women's wardrobe. Our famous shop, located on Manhattan's Upper East Side, is internationally recognized and has operated with consistently high margins since it first opened its doors in 1987. We are editorialized regularly in every better fashion magazine and were one of only five shoe shops listed in New York Magazine's "Best Stores in New York" in 2006.

Our concept reflects the fusion of superb fashion with perfect comfort. French Sole styles are both timeless and unique and are designed to appeal to all age categories. Our loyal customer base includes luminaries from the world of entertainment and fashion and is celebrated by well heeled women everywhere.

Though our specialty is creating extraordinary ballet flats, we also produce a wide variety of high quality fashion footwear in our artisan factories in France, Italy and Spain.

If you would like to become part of our winning formula, we would be happy to speak with you. Eleven stores are slated to open in 2007 and we can provide everything you would need for a successful launch.

Contact Mr. Randy Ochart at luxfootwear@aol.com for further information to find out how you can be part of our high profit success story.

# RETAIL STORE PROSPECTUS

At our French Sole family of stores, we provide you with all the elements that will support your success.

We will train you on purchasing and sales projections in your territory. We will assist you with fashion forecasting, provide materials from our exclusive collections of fabrics, leathers and treatments, and advise you of the silhouettes that will be perfect for the upcoming season.

We remotely manage your inventory, maintain fulfillment in concert with your stock manager, and monitor your business on a weekly basis so you have the perfect mix of product to balance your store's presentation. We provide you with our advertising programs, public relation strategies, and point of sale materials, wherever available.

Shopping bags, catalogs, business cards and related promo materials which we order in volume are available at our discounted cost and we can plan the delivery to suit your seasonal preferences.

We support the operation by promoting your location in fashion editorials, whenever possible. We provide comprehensive training at our New York location and will arrange to have our staff on-sight when you open your shop to help with your launch.

In short, we do everything possible to insure our mutual success because we know our business well. Our experienced marketing team in New York is available to assist you in any way possible. We see ourselves as an integral part of your operation and an extension of our success story in New York.

PROSPECTUS (COSTS)

| | |
|---|---|
| Initial trademark licensing fee, store training, planning and assistance | $30,000.00 USD |
| Annual fee for inventory maintenance and replenishment, New York marketing and buy meetings. | $10,000.00 USD |

Payment Terms for Initial Inventory

All buys from French Sole must be paid in advance.

We accept international or domestic Letters of Credit, bank transfers or credit cards.

A 5% (five percent) allowance is applied for all pre-paid buys.

Extended terms may be arranged after the first selling season, provided the purchase is secured by an extended letter of credit or other financial instrument acceptable to us that guarantees payment when invoices are due.

When extended terms are accepted, the 5% (five percent) discount rate will be canceled and a standardized UCC filing will be required against the inventory.

If the purchase is written with terms, an insurance policy which covers the wholesale cost of the goods will be obtained by the client, naming French Sole as the sole beneficiary for inventory losses of any manner and description.

All shipping, broker's fees, banking charges, insurance and all costs related to the client's order from the designated f.o.b. point shall be absorbed by the client. French Sole will assist in overseeing and assisting in the arrangement of your freight forwarder, wherever possible, but will not be responsible for delays of any kind once the shipment has left the factory.

French Sole will make its best efforts for your order to be ready and complete on the date designated on your purchase order and will notify the client in advance when the goods will be ready for pick-up. However, it is expressly agreed and understood that French Sole is not responsible for production delays of any kind.